**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4813

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH B. LEWIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, District Judge.  (CR-05-40)

Submitted:  June 22, 2006          Decided:  July 18, 2006

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles A. Gavin, BLACKBURN, CONTE, SCHILLING & CLICK, P.C., Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Alexandria, Virginia; Angela Mastandrea-Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Lewis appeals his conviction and 120-month sentence for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). On appeal Lewis argues that there was insufficient evidence to sustain his conviction and that the district court erred in applying a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) for possessing the firearm in connection with another felony offense. Finding no reversible error, we affirm Lewis's conviction and sentence.

I.

On September 1, 2004, federal agents executed a search warrant for a residence leased to Michele Campbell at 2286 Afton Avenue in Richmond, Virginia. The agents recovered more than $5,000 cash, over 170 grams of crack cocaine, and assorted drug packaging paraphernalia. Four firearms were also recovered, one of which was a loaded .357 caliber revolver. On January 15, 2005, Lewis was indicted on single count of possession of a firearm (the revolver) by a convicted felon, 18 U.S.C. § 922(g)(1).

Lewis was tried before a jury on April 19 and 20, 2005. To prove that Lewis possessed the revolver, the government presented evidence that Lewis's fingerprint was found on the firearm. It also presented the testimony of Campbell, the lessee of the residence at 2286 Afton Avenue. Campbell had previously

pled guilty to drug charges arising from the September 1 search, and, pursuant to her plea agreement, she testified to the following facts: Lewis became a regular visitor at 2286 Afton Avenue soon after Campbell leased it in July 2004. A shooting occurred outside the residence on August 14, 2004. A few days later, Lewis showed the .357 revolver, which he had just purchased, to Campbell in her living room. In the latter half of August 2004 Campbell personally observed Lewis in possession of the revolver on seven to eight occasions. She also knew the various places inside the residence where Lewis stored the revolver and heard Lewis refer to the revolver as his "baby." The last time she saw Lewis with the revolver was two days before the September 1 search. On that date she observed him place the revolver in his waistband. Campbell also testified that crack was sold from the residence, which "was like a grocery store, people in and out." J.A. 63. On cross-examination Campbell testified that she was incarcerated at the time of Lewis's trial; she abused crack and alcohol around the time of the September 1 search; she had previously withheld information from the agents in connection with the September 1 search; and she had a prior larceny conviction for stealing baby formula. At the close of the government's case, Lewis moved for a judgment of acquittal, but the district court denied the motion. Lewis presented no evidence, and the jury returned a guilty verdict.

The pre-sentence investigation report (PSR) calculated Lewis's base offense level at twenty. It also recommended a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) for possessing the firearm in connection with another felony offense. The recommended guideline range was 100 to 125 months. Lewis objected to the PSR's four-level enhancement recommendation on the basis that the evidence did not show he possessed the revolver in connection with drug sales. At Lewis's sentencing hearing the government presented testimony from one of the agents who executed the search warrant and later interviewed Campbell. The agent testified that Campbell had told him that Lewis sold drugs from Campbell's residence. Campbell did not, however, tell the agent that Lewis had sold drugs between mid-August and September 1, 2004, while he possessed the revolver. She only generally stated that she saw Lewis selling drugs from the residence between July and September. The district court found that Lewis possessed the revolver in connection with drug trafficking and therefore applied the recommended four-level enhancement. Lewis was sentenced to 120 months in prison, the statutory maximum sentence for a § 922(g)(1) conviction. This appeal followed.

II.

Lewis argues on appeal that his conviction cannot be sustained because there was insufficient evidence at trial to show

4

that he possessed the revolver. In reviewing the sufficiency of the evidence to support a conviction, the relevant question is whether "any rational trier of fact could have found the defendant guilty beyond a reasonable doubt." United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). We consider "the evidence in the light most favorable to the government, assuming the jury weighed all of the evidence, resolved all conflicts in the testimony, and drew all reasonable inferences from the facts." United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). Accordingly, we do not review the credibility of witnesses. Id. In the present case, we assume, as we must, that the jury credited Campbell's testimony about Lewis's possession of the revolver. In addition to Campbell's testimony, the jury also heard evidence that Lewis's fingerprint was found on the firearm. On the basis of this evidence, a rational juror could have found beyond a reasonable doubt that Lewis possessed the revolver. The evidence was therefore sufficient to sustain Lewis's § 922(g)(1) conviction.

## III.

Lewis also argues that the district court erred in applying the § 2K2.1(b)(5) four-level enhancement because there is no evidence connecting the firearm to any drug sales. Under the now-advisory U.S. Sentencing Guidelines, courts must calculate the applicable guideline range, making all necessary findings of fact

by a preponderance of evidence, before imposing a sentence. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). A district court's factual finding at sentencing will not be set aside unless it is clearly erroneous. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). In this case, the following facts tend to show that Lewis possessed the revolver in connection with drug trafficking: Campbell testified that Lewis possessed the revolver between mid-August and September 1, 2004; Campbell told agents that Lewis sold drugs from the house between July 2004 and September 2004; the revolver was found in the house where drug trafficking took place; the revolver was found during a search that also turned up more than 170 grams of crack and assorted drug packaging paraphernalia; and Lewis was present at the house when agents arrived to conduct the search. On the basis of these facts, the district court reasonably could have found that Lewis was dealing drugs during the time that he was in possession of the firearm. The district court's finding to that effect was not clearly erroneous.

***

For the foregoing reasons we affirm Lewis's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED